**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Neil Rusty Bond,<br><br>  Plaintiff,<br><br>v.<br><br>Alex M Azar,<br><br>  Defendant. | No. CV-19-04933-PHX-JAT<br><br>**ORDER** |

Pending before the Court is Plaintiff's application to proceed in forma pauperis. (Doc. 2). To qualify for in forma pauperis status,

> An affidavit in support of an IFP application is sufficient where it alleges that the affiant cannot pay the court costs and still afford the necessities of life. *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 [] (1948). The IFP statute does not itself define what constitutes insufficient assets. As this court has recognized, "[o]ne need not be absolutely destitute to obtain benefits of the in forma pauperis statute." *Jefferson v. United States*, 277 F.2d 723, 725 (9th Cir.1960).

*Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015).

In this case, Plaintiff states that he receives "rent payments, interest, or dividends." (Doc. 2 at 1). However, he does not state the amount of such payments or whether he expects them to continue in the future. Thus, on this record, the Court cannot assess whether Plaintiff qualifies for in forma pauperis status.

Further, if in forma pauperis status were to be granted, the Court would be required to screen the complaint pursuant to 28 U.S.C. § 1915(e)(2). In this case, the Court has reviewed the complaint and it appears to be an attempt to appeal a decision by the social

security administration. Plaintiff has named as the Defendant in this case, Alex M. Azar, the Secretary of the United States Department of Health and Human Services. However,

> Pursuant to P.L. No. 103-296, the Social Security Independence and Program Improvements Act of 1994, the function of the Secretary of Health and Human Services in Social Security cases was transferred to the Commissioner of the Social Security Administration, effective March 31, 1995. In accordance with section 106(d) of the Act, Shirley S. Chater, the Commissioner of Social Security, is substituted for Donna E. Shalala, Secretary of Health and Human Services, as the defendant.

*Lester v. Chater*, 81 F.3d 821, 835 (9th Cir. 1995), *as amended* (Apr. 9, 1996).

Here, Plaintiff's appeal was filed well after 1995 and after the transition rules of section 106(d). Therefore, it would appear he has named the wrong Defendant.

Based on the foregoing,

**IT IS ORDERED** that Plaintiff's application to proceed in forma pauperis (Doc. 2) is denied.

**IT IS FURTHER ORDERED** that by August 29, 2019, Plaintiff shall either pay the filing fee or file a complete application to proceed in forma pauperis. If Plaintiff fails to take either of these actions by August 29, 2019, the Clerk of the Court shall enter judgment dismissing this case without prejudice. If in forma pauperis status is later granted, this Court will screen the complaint as discussed above.

Dated this 14th day of August, 2019.

James A. Teilborg
Senior United States District Judge