1 **WO**

2

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Neil Rusty Bond,<br><br>    Plaintiff,<br><br>v.<br><br>Alex M Azar,<br><br>    Defendant. | No. CV-19-04933-PHX-JAT<br><br>**ORDER** |

On August 14, 2019, the Court issued the following Order:

> Pending before the Court is Plaintiff's application to proceed in forma pauperis. (Doc. 2). To qualify for in forma pauperis status,
>> An affidavit in support of an IFP application is sufficient where it alleges that the affiant cannot pay the court costs and still afford the necessities of life. *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 [] (1948). The IFP statute does not itself define what constitutes insufficient assets. As this court has recognized, "[o]ne need not be absolutely destitute to obtain benefits of the in forma pauperis statute." *Jefferson v. United States*, 277 F.2d 723, 725 (9th Cir.1960).
>
> *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015).
>
> In this case, Plaintiff states that he receives "rent payments, interest, or dividends." (Doc. 2 at 1). However, he does not state the amount of such payments or whether he expects them to continue in the future. Thus, on this record, the Court cannot assess whether Plaintiff qualifies for in forma pauperis status.
>
> Further, if in forma pauperis status were to be granted, the Court would be required to screen the complaint pursuant to 28 U.S.C. § 1915(e)(2). In this case, the Court has reviewed the complaint and it appears to be an attempt to appeal a decision by the social security administration. Plaintiff has named as the Defendant in this case, Alex M. Azar, the Secretary of the United States Department of Health and Human Services. However,
>> Pursuant to P.L. No. 103-296, the Social Security Independence and Program Improvements Act of 1994, the function of the Secretary of Health and Human Services in

> Social Security cases was transferred to the Commissioner of the Social Security Administration, effective March 31, 1995. In accordance with section 106(d) of the Act, Shirley S. Chater, the Commissioner of Social Security, is substituted for Donna E. Shalala, Secretary of Health and Human Services, as the defendant.
>
> *Lester v. Chater*, 81 F.3d 821, 835 (9th Cir. 1995), *as amended* (Apr. 9, 1996).
>
> Here, Plaintiff's appeal was filed well after 1995 and after the transition rules of section 106(d). Therefore, it would appear he has named the wrong Defendant.
>
> Based on the foregoing,
>
> **IT IS ORDERED** that Plaintiff's application to proceed in forma pauperis (Doc. 2) is denied.
>
> **IT IS FURTHER ORDERED** that by August 29, 2019, Plaintiff shall either pay the filing fee or file a complete application to proceed in forma pauperis. If Plaintiff fails to take either of these actions by August 29, 2019, the Clerk of the Court shall enter judgment dismissing this case without prejudice. If in forma pauperis status is later granted, this Court will screen the complaint as discussed above.

(Doc. 5).

On August 23, 2019, the Court issued the following Order:

> On August 21, 2019, Plaintiff filed a renewed application to proceed in forma pauperis. The Court has reviewed the application and finds Plaintiff meets the standard for waiving the filing fee as set forth in *Escobedo*; accordingly, the motion will be granted.
>
> As for whether the complaint states a claim, Plaintiff in his renewed application to proceed in forma pauperis (Doc. 6) named the Commissioner of Social Security as the Defendant. Procedurally, this substitution is inadequate to amend the complaint. Thus, if Plaintiff wish to proceed against the Commissioner of Social Security, Plaintiff must file an amended complaint and name the defendant he intends to proceed against. Therefore,
>
> **IT IS ORDERED** that the motion to proceed in forma pauperis (Doc. 6) is granted.
>
> **IT IS FURTHER ORDERED** that Plaintiff, if he chooses, shall file an amended complaint by September 3, 2019. If Plaintiff does not file an amended complaint by this deadline, the Court will screen the original complaint (Doc. 1) as indicated in the August 14, 2019 Order.

(Doc. 7).

Plaintiff has now filed an amended complaint naming the Commissioner of Social Security[1] as the Defendant. Accordingly, for the foregoing reasons, the Court finds the complaint in this case is sufficient under 28 U.S.C. § 1915 to proceed to service. Therefore,

**IT IS ORDERED** that service by waiver or service of the summons and complaint shall be at government expense on the defendant by the U.S. Marshal or his authorized

---

[1] The current Commissioner is Andrew Saul.

representative. The Court directs the following:

(1) The Clerk of Court must send Plaintiff a service packet including the Amended Complaint (Doc. 9), this Order, and both summons and request for waiver forms for the Defendant.

(2) Plaintiff must complete and return the service packet to the Clerk of Court within 30 days of the date of filing of this Order. The United States Marshal will not provide service of process if Plaintiff fails to comply with this Order.

(3) If Plaintiff does not either obtain a waiver of service of the summons or complete service of the Summons and Complaint on Defendant within 90 days of the filing of the Complaint, the action may be dismissed. Fed. R. Civ. P. 4(m).

(4) **A Defendant who agrees to waive service of the Summons and Complaint must return the signed waiver forms to the United States Marshal, not the Plaintiff.**

Dated this 5th day of September, 2019.

*James A. Teilborg*
Senior United States District Judge