**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Neil Rusty Bond, | No. CV-19-04933-PHX-JAT |
| Plaintiff, | **ORDER** |
| v. | |
| Commissioner of Social Security Administration, | |
| Defendant. | |

Pending before the Court is the Motion for Remand filed by Defendant Commissioner of Social Security Administration ("Commissioner"). (Doc. 42). After finding that Plaintiff Neil Rusty Bond asserts a colorable due process claim in the Amended Complaint (Doc. 9), the Court denied the Commissioner's motion to dismiss for lack of subject matter jurisdiction (Doc. 24). (Doc. 41). Further, because the Social Security Administration recognized that it never reconsidered the initial determination as to Plaintiff's overpayment amount despite Plaintiff's alleged request for reconsideration, (Doc. 36-1), the Court sought supplemental briefing as to whether a sentence six remand under 42 U.S.C. § 405(g) was appropriate. (Doc. 41 at 14–15).

In response to the Court's order (Doc. 41), the Commissioner asks the Court to remand the case pursuant to sentence six and "issue an order directing the agency to modify the amount of Plaintiff's overpayment to be consistent with the amount of amended restitution that he was ordered to pay in his criminal case, $30,929.16." (Doc. 42 at 1–2).

But, the Commissioner also requests that the Court enter judgment in favor of Plaintiff. (*Id.* at 2). Plaintiff agrees that remand and repayment are necessary.[1] (Doc. 43 at 9–10).

The Court will grant the Motion (Doc. 42) in part. The Motion (Doc. 42) will be granted as to the Commissioner's request for judgment in favor of Plaintiff, and the Court will order the Administration to modify Plaintiff's overpayment amount to $30,929.16. (Doc. 42 at 1–2). However, because the Commissioner requests judgment in favor of Plaintiff, remand will be under sentence four of 42 U.S.C. § 405(g), not sentence six. *See Shalala v. Schaefer*, 509 U.S. 292, 297 (1993). Accordingly, the Court will deny the request to remand pursuant to sentence six, and instead remand under sentence four of 42 U.S.C. § 405(g).

Based on the foregoing,

**IT IS ORDERED** that the Commissioner's Motion for Remand Pursuant to Sentence Six of 42 U.S.C. § 405(g) (Doc. 42) is **GRANTED IN PART** and **DENIED IN PART** as articulated above.

**IT IS FURTHER ORDERED** that judgment shall be entered in favor of Plaintiff and that this matter shall be **REMANDED** to Defendant Commissioner of Social Security

---

[1] Plaintiff requests that the Court "remand this matter to the ALJ to revise the amount of overpayment to $20,622.78" as he claims he only received $20,622.78 in overpayments while his ex-wife received overpayments totaling $10,306.38 for Plaintiff's daughter. (Doc. 43 at 6, 9–10). Because Plaintiff alternatively asks that the Court remand for payment of any amount in excess of $30,929.16, (Doc. 43 at 10), just as the Commissioner requests, (Doc. 42 at 1–2), the Court will not consider Plaintiff's request to revise the amount of overpayment to any other amount. Indeed, the Court cannot consider such a request as it asks the Court to make factual findings that have not yet been reviewed by the Administration—the body that Congress entrusted with the responsibility of calculating overpayment amounts in the first instance. 42 U.S.C. § 404(a); *see I.N.S. v. Ventura*, 537 U.S. 12, 16 (2002); *Treichler v. Comm'r of Soc. Sec.*, 775 F.3d 1090, 1098 (9th Cir. 2014). The Administration may have erred, but that error does not give the Court the right to run roughshod over the congressional scheme.

Administration to modify the amount of Plaintiff's overpayment to $30,929.16. The Clerk of Court shall enter judgment accordingly.[2]

Dated this 19th day of June, 2020.

James A. Teilborg
Senior United States District Judge

---

[2] To the extent mandate is required, the judgment shall serve as the mandate.

- 3 -