**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Neil Rusty Bond, | No. CV-19-04933-PHX-JAT |
| Plaintiff, | **ORDER** |
| v. | |
| Commissioner of Social Security Administration, | |
| Defendant. | |

Pending before the Court is Plaintiff Neil Rusty Bond's motion to reconsider (Doc. 46). Plaintiff seeks reconsideration of the Court's order dated June 19, 2020 (Doc. 44), which resulted in judgment in his favor (Doc. 45). (Doc. 46). District of Arizona Local Rule of Civil Procedure 7.2(g) governs motions for reconsideration. It provides:

> The Court will ordinarily deny a motion for reconsideration of an Order absent a showing of manifest error or a showing of new facts or legal authority that could not have been brought to its attention earlier with reasonable diligence. Any such motion shall point out with specificity the matters that the movant believes were overlooked or misapprehended by the Court, any new matters being brought to the Court's attention for the first time and the reasons they were not presented earlier, and any specific modifications being sought in the Court's Order. No motion for reconsideration of an Order may repeat any oral or written argument made by the movant in support of or in opposition to the motion that resulted in the Order. Failure to comply with this subsection may be grounds for denial of the motion.

LRCiv 7.2(g).

Plaintiff has not asserted there was manifest error in the Court's prior order (Doc. 44), nor has he provided any new facts or legal authority for the Court to consider. In the order Plaintiff seeks reconsideration of, the Court ordered the Commissioner "to modify the amount of Plaintiff's overpayment to $30,929.16." (Doc. 44 at 3). Although Plaintiff previously argued that he should get a new hearing before the Administration as he asserted that the overpayment amount was lower than $30,929.16, (Doc. 43 at 6, 9–10), Plaintiff also agreed with the Commissioner that the Court should remand to the Commissioner to reimburse Plaintiff for the amount of Plaintiff's benefits that were withheld in excess of $30,929.16, (*id.* at 10). It was that narrow point of agreement that served as the basis for the Court's order remanding the case to the Commissioner for reimbursement of any amount over $30,929.16. Plaintiff rearticulates that he should get a hearing before the Administration because he believes the overpayment amount is lower than $30,929.16. (Doc. 46). Because Plaintiff identifies no error by the Court and because he does not raise any new facts or legal authority for the Court's consideration, the Motion (Doc. 46) does not comply with Local Rule 7.2(g), and it may be denied on that basis alone.

However, Plaintiff's Motion (Doc. 46), even if considered on its merits, still fails. The Court recognizes that Plaintiff previously sought and now again seeks a hearing before the Administration to argue that the overpayment amount should be lower than $30,929.16. (Doc. 43 at 9–10; Doc. 46 at 5–6). But, that number—$30,929.16—is based on Plaintiff's court-ordered restitution to the Administration. *See United States v. Bond*, No. CR-03-00974-DGC, slip op. at 1–2 (D. Ariz. Nov. 05, 2010) (order amending judgment in a criminal case); (*see also* Doc. 1-1 at 9–10 (copy of amended restitution order)). Plaintiff specifically noted in his response to the Commissioner's motion to remand that he was not requesting that the Court "grant Plaintiff a new [criminal] trial or order relitigation of Plaintiff's 28 U.S.C. § 2255 proceeding[]." (Doc. 43 at 9). It was that § 2255 proceeding that resulted in an amended judgment that required Plaintiff to pay restitution to the Administration in the amount of $30,929.16. Consequently, there is a basis independent from the Administration's review of Plaintiff's overpayment amount that required Plaintiff

to pay the Administration $30,929.16. A hearing before the Administration would thus be pointless.

Based on the foregoing,

**IT IS ORDERED** that Plaintiff's Motion (Doc. 46) is **DENIED**.

Dated this 2nd day of July, 2020.

_____
James A. Teilborg
Senior United States District Judge