**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Neil Rusty Bond, | No. CV-19-04933-PHX-JAT |
| Plaintiff, | **ORDER** |
| v. | |
| Commissioner of Social Security Administration, | |
| Defendant. | |

Pending before the Court is Plaintiff Neil Rusty Bond's Petition to Vacate the Court's Order Filed July 2, 2020 (Doc. 50). It is unclear under which of the Federal Rules of Civil Procedure that Plaintiff brings the Petition (Doc. 50). However, because he seeks relief in the form of vacating this Court's prior order, the Court will construe it as a motion pursuant to Federal Rule of Civil Procedure 60.

On July 2, 2020, this Court denied Plaintiff's Motion to Reconsider the Court's Order Dated June 19, 2020 (Doc. 46). (Doc. 47). By way of background, on June 19, 2020, the Court entered judgment in Plaintiff's favor due to an agreement between Plaintiff and Defendant Commissioner of the Social Security Administration that the Administration would reduce the overpayment amount Plaintiff owed to $30,929.16, which is equal to the amount of restitution Plaintiff owed the Administration based on a criminal conviction on one count of theft of government property and one count of Social Security fraud. (Doc. 45; Doc. 44; Doc. 41 at 1–3 (reciting background of this case)). The Motion to Reconsider (Doc. 46) asked the Court to order the Administration to give Plaintiff a hearing to make

factual findings regarding the overpayment amount. (*See* Doc. 46 at 5–6). Plaintiff also asserted that "[a] chart was prepared for Plaintiff in 2003 to show [the Administration's] overpayment amount was in error and the actual amount of overpayment was $0.00." (*Id.* at 1–2).

The Court denied Plaintiff's Motion to Reconsider (Doc. 46) pursuant to District of Arizona Local Rule of Civil Procedure 7.2(g) because Plaintiff did not show manifest error in the June 19, 2020 order nor did he offer any new facts or legal authority for the Court's consideration. (Doc. 47 at 2). The Court also noted that the requested relief—an order compelling the Administration to give him a hearing regarding his overpayment amount—would be "pointless." (*Id.* at 2–3). More specifically, the Court denied Plaintiff's Motion to Reconsider (Doc. 46) as to the merits as there was "a basis independent from the Administration's review of Plaintiff's overpayment amount that required Plaintiff to pay the Administration $30,929.16"—Plaintiff's conviction and resulting "judgment that required Plaintiff to pay restitution to the Administration in the amount of $30,929.16."[1] (Doc. 47 at 2–3).

Plaintiff now claims in the instant Petition that the Court committed "manifest error" and that he has "a new showing of facts and legal authority." (Doc. 50 at 1). Plaintiff has not established that any of the cases he cited in the Petition (Doc. 50) constitutes new legal authority that is relevant to the Court's analysis in the July 2, 2020 order (Doc. 47)—let alone that any of the cited cases were decided prior to this Court's order dated July 2, 2020 (Doc. 47). He does once again cite the alleged chart that indicates he owes "$0.00" to the Administration despite his conviction for theft of government property and Social Security fraud and the resulting amended restitution order that required him to pay the Administration $30,929.16. (*See* Doc. 47 at 2 (citing *United States v. Bond*, No. CR-03-00974-DGC, slip op. at 1–2 (D. Ariz. Nov. 05, 2010))). That information is old hat that

---

[1] Plaintiff was convicted of theft of government property and Social Security fraud and was originally ordered to pay restitution to the Administration in the amount of $88,800.70. (Doc. 41 at 1–2). Plaintiff eventually prevailed on a petition for habeas corpus relief under 28 U.S.C. § 2255, which resulted in an amended order of restitution to the Administration in the amount of $30,929.16. (*Id.* at 2; *see also* Doc. 47 at 2 (citing *United States v. Bond*, No. CR-03-00974-DGC, slip op. at 1–2 (D. Ariz. Nov. 05, 2010))).

cannot be the basis for Rule 60 relief as the Court was aware of this assertion prior to filing of the July 2, 2020 order (Doc. 47). However, Plaintiff now adds, without any elaboration, that he has "probative and exculpatory evidence that [he] should not have been indicted for the crime in the first place" and that "shows actual innocence and a clear due process violation." (Doc. 50 at 2). Even if Plaintiff had described this evidence, a Rule 60 motion seeking relief from an order denying a motion for reconsideration in a civil case brought pursuant to 42 U.S.C. § 405(g) asserting a due process violation against the Social Security Administration regarding an overpayment determination is not the vehicle by which a party can seek any type of relief from a criminal indictment. Plaintiff has shown no entitlement to Rule 60 relief. The Petition (Doc. 50) will be denied.[2]

Finally, Plaintiff's continued motions relating to requests that this Court order the Social Security Administration to give him a hearing so that he can argue for an overpayment amount lower than $30,929.16 are rising to the level of frivolity. The Court notes, once again, that there is an amended judgment based on a criminal conviction that required Plaintiff to pay the Administration $30,929.16 in restitution regardless of any administrative proceeding. The Court cautions Plaintiff that future motions asking this Court to order the Social Security Administration to give him a hearing to argue for an overpayment amount lower than $30,929.16 may result in sanctions against Plaintiff. *See Gibson v. Credit Suisse AG*, No. 1:10-CV-00001-JLQ, 2019 WL 1232826, at *5–9 (D. Idaho Mar. 14, 2019).

**IT IS ORDERED** that the Petition to Vacate the Court's Order Filed July 2, 2020 (Doc. 50) is **DENIED**.

Dated this 4th day of August, 2020.

_____
James A. Teilborg
Senior United States District Judge

---

[2] Plaintiff also notes he "has not yet received any repayment of funds . . . withheld from [his] retirement benefits in excess of $30,929.16 to date." (Doc. 50 at 4). Plaintiff does not ask the Court to take any action based on that information, and so the Court takes no action.