**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Neil Rusty Bond, | No. CV-19-04933-PHX-JAT |
| Plaintiff, | **ORDER** |
| v. | |
| Alex M Azar, et al., | |
| Defendants. | |

This is the latest chapter in the seemingly endless string of post-judgment motions Plaintiff Neil Rusty Bond ("Plaintiff") has filed. (Doc. 54). Just a short time ago, Plaintiff received a letter from the Social Security Administration ("SSA") informing him that he would soon receive a $24,373.24 check for withheld benefits. (Doc. 52 at 5). Plaintiff believed that figure to be incorrect and insisted on personally requesting a hearing from SSA to challenge it. Confusingly, however, he filed a motion in this Court seemingly seeking authorization to request a hearing before an Administrative Law Judge ("ALJ") from the SSA in which he intended to show:

> (1) SSA provided no computations, descriptions, or dates in the letter dated August 4, 2020, (2) SSA did not take into consideration that Plaintiff's ex-wife received one-third of disability benefits in the letter dated August 4, 2020, (3) SSA did not include restitution paid prior to, during and after Plaintiff's incarceration; before Plaintiff's 65th birthday, in the letter dated August 4, 2020, and (4) Plaintiff's amount of overpayment has always been $0.00.

(Doc. 52 at 6 (emphasis omitted)). In response to this request, the Court expressed its lack

of clarity over precisely what Plaintiff was asking the Court to do. (Doc. 53 at 1). It cautioned Plaintiff that "barring extraordinary circumstances, . . . it will not take any further action relating to any hearing as to an overpayment determination." (*Id.*).

Now, Plaintiff has filed a second document styled as a "petition for special action." (Doc. 54). In this filing, Plaintiff largely regurgitates the same arguments and cites the same legal authority as he did in his prior petition. Yet again, he does not explain how anything that has occurred since the Court entered judgment transgressed the generic principles that he cites. Instead, he supplies an eight-point list attempting to demonstrate why there is "clear evidence" that the $24,373.24 amount is not correct.

As with his last "petition," the Court is not going to take action on Plaintiff's request. To begin with, no item in his eight-point list comes anywhere close to showing the kind of extraordinary circumstances that the Court previously stated would be required for it to act. In addition, it still is not clear what relief Plaintiff is actually seeking. Specifically, it is not clear what Plaintiff wants from the Court that the SSA has not already provided to him. If Plaintiff has made one thing clear, however, it is that he wants to demonstrate to the SSA why the $24,473.24 figure is wrong. The SSA has already told him he can do so, because the letter provides Plaintiff with appeal rights:

> If you do not agree with this decision, you have the right to appeal. We will review your case and look at any new facts you have. A person who did not make the first decision will decide your case. We will review the parts of the decision that you think are wrong and correct any mistakes.

(Doc. 54 at 7). Plaintiff has not indicated that he has availed himself of this right. Given this, it is still unclear what Plaintiff wants the Court to do. His goal seems to be to prove the SSA's determination wrong and, as the Court sees it, nothing now prevents him from trying to do so. Plaintiff should avail himself of that process before seeking relief in this Court.

Therefore, the Court will continue not to take any action at this time. The Court notes, however, that this is not the first time that Plaintiff has rehashed old arguments in a

seeming gambit to get a greater award than he was otherwise entitled to under the Court's judgment in his favor. (*See, e.g.*, Doc. 52 at 6) ("Plaintiff's amount of overpayment has always been $0.00."). The Court will brook no further attempts by him to do so. Any future post-judgments motions rehashing the same arguments that Plaintiff has already made will be summarily denied and expose Plaintiff to potential sanctions.

Accordingly,

**IT IS ORDERED** that Plaintiff's Second Petition for Special Action (Doc. 54) is DENIED.

Dated this 4th day of September, 2020.

*[signature]*
James A. Teilborg
Senior United States District Judge