**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Neil Rusty Bond,<br><br>    Plaintiff,<br><br>v.<br><br>Alex M Azar, et al.,<br><br>    Defendants. | No. CV-19-04933-PHX-JAT<br><br>**ORDER** |

Before the Court is Plaintiff's Motion to Clarify and Request for Another Court to Be Appointed (Doc. 62) (the "Motion"). In the Motion, Plaintiff requests that the undersigned recuse himself and transfer Plaintiff's case to another court. (Doc. 62 at 15). Plaintiff cites no law or federal rule to support his recusal request, (*See id.*), but the Court notes that motions to disqualify or recuse a federal judge fall under two statutory provisions, 28 U.S.C. §§ 144 and 455. Plaintiff has failed to comply with the procedural requirements of 28 U.S.C. § 144, so his motion will not be granted under that provision.

Section 455 has no procedural requirements but calls for recusal only when "a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *Pesnell v. Arsenault*, 543 F.3d 1038, 1043 (9th Cir. 2008) (quoting *United States v. Hernandez*, 109 F.3d 1450, 1453 (9th Cir. 1997)) *abrogated on other grounds in Simmons v. Himmelreich*, 136 S. Ct. 1843 (2016). "In nearly all cases, the source of any alleged bias must be extrajudicial." *Young v. Arizona Dep't of Env't Quality*, No. CV2001617PHXDGCJZB, 2020 WL 5544360, at *2 (D. Ariz. Sept. 16,

2020) (citing *Liteky v. United States*, 510 U.S. 540, 544-56 (1994)). Here, Plaintiff alleges no extrajudicial source of bias, nor any bias other than his displeasure with the Court's rulings against his myriad post-judgment motions. (*See* Doc. 62). Thus, the Court finds no basis for recusal under 28 U.S.C. § 455, so Plaintiff's motion will not be granted under that section.

Plaintiff's case is closed, and judgment has been entered. (Docs. 44, 45). Even if the undersigned recused himself, it is unclear what award Plaintiff believes another court would grant him. This is especially true in light of the fact that Plaintiff has been granted the hearing he has so fervently sought before the Social Security Administration. (*See* Doc. 62 at 1).

Accordingly,

**IT IS ORDERED** that Plaintiff's Motion to Clarify and Request for Another Court to Be Appointed (Doc. 62) is **DENIED**.

Dated this 28th day of June, 2021.

James A. Teilborg
Senior United States District Judge