**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Neil Rusty Bond, | No. CV-19-04933-PHX-JAT |
| Plaintiff, | **ORDER** |
| v. | |
| Alex M Azar, et al., | |
| Defendants. | |

Before the Court is Plaintiff's Motion for Court to Recuse Himself under 28 U.S.C. § 144 (Doc. 64). 28 U.S.C. § 144 states:

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding. The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists, and shall be filed not less than ten days before the beginning of the term at which the proceeding is to be heard, or good cause shall be shown for failure to file it within such time. A party may file only one such affidavit in any case. It shall be accompanied by a certificate of counsel of record stating that it is made in good faith.

28 U.S.C. § 144. Section 144 requires that affidavits must be both timely and sufficient. Plaintiff's affidavit is neither.

To begin, Plaintiff's affidavit is not timely. Section 144 requires that an affidavit

supporting recusal "shall be filed not less than ten days before the beginning of the term at which the proceeding is to be heard, or good cause shall be shown for failure to file it within such time." While the Ninth Circuit has not defined a fixt time in which a party must file an affidavit supporting recusal, "it is generally held that parties that suspect possible bias or prejudice toward them must not withhold filing recusal motions until their dispute has been resolved on the merits." *United States v. Bigley*, No. CV-14-00729-PHX-HRH, 2017 WL 3432370, at *3 (D. Ariz. Aug. 10, 2017) (citing *E. & J. Gallo Winery v. Gallo Cattle Co.*, 967 F.2d 1280, 1295 (9th Cir. 1992)).

Plaintiff filed the instant affidavit supporting recusal on July 9, 2021, which is over a year after judgment was entered and this matter was terminated on June 19, 2020. (Docs. 45, 64). The bias Plaintiff complains of dates back to the Court's June 19, 2020 order, but Plaintiff did not raise the topic of recusal until June 3, 2021 and did not file the instant affidavit until July 9, 2021. (*See* Docs. 62, 64). Because Plaintiff waited nearly a year after judgment was entered before filing the affidavit, his affidavit is presumptively untimely. *See United States v. Studley*, 783 F.2d 934, 939 (9th Cir. 1986) (holding that affidavit supporting recusal filed weeks after the conclusion of a matter is presumptively untimely); *see also Hernandez v. Brewer*, No. CV-11-01945-PHX-JAT, 2017 WL 6554673, at *3 (D. Ariz. Dec. 22, 2017) (holding that affidavit supporting recusal filed years after supposed bias was untimely).

A court may excuse excessive delay in filing an affidavit alleging bias if a party presents good cause for the delay. *See Studley*, 783 F.2d at 939. Plaintiff, however, presented no good cause for his untimely filing. Accordingly, because Plaintiff's affidavit comes nearly a year after judgment and he presents no good cause for his delay, the Court finds the instant affidavit untimely.

Even if Plaintiff's affidavit was timely filed, however, it is not sufficient. "When determining the legal sufficiency of the affidavit, 'the factual allegations in the affidavit must be accepted as true,' however 'general or conclusory allegations will not support disqualification.'" *Tripodi v. United States*, No. CV 20-08322 PCT CDB, 2021 WL

2283797, at *3 (D. Ariz. May 14, 2021) (quoting *United States v. Zagari*, 419 F. Supp. 494, 500-01 (N.D. Cal. 1976)). A legally sufficient affidavit will properly allege that the judge has "a personal bias or prejudice either against [the affiant] or in favor of any adverse party." 28 U.S.C. § 144. The bias or prejudice alleged "must stem from an extrajudicial source." *Liteky v. United States*, 510 U.S. 540, 544 (1994); *see Young v. Arizona Dep't of Env't Quality*, No. CV2001617PHXDGCJZB, 2020 WL 5544360, at *2 (D. Ariz. Sept. 16, 2020) ("In nearly all cases, the source of any alleged bias must be extrajudicial."). Claims of bias based entirely on a judge's rulings in the case in question are not legally sufficient to support recusal. *See Young*, 2020 WL 5544360, at *2.

Here, the only bias or prejudice alleged in the affidavit stems from the Court's rulings in the instant litigation. (*See* Doc. 64 at 10). Because Plaintiff asserts no extrajudicial factual allegations of bias or prejudice, the conclusory allegations within the affidavit accusing the Court of bias are not legally sufficient. Thus, Plaintiff's affidavit is not sufficient.

Because Plaintiff's affidavit is neither timely nor sufficient, it cannot support his recusal motion and, as a result, the Court is not required to assign the recusal request to another judge. *See Young*, 2020 WL 5544360, at *2 (holding that, because recusal affidavit was not legally sufficient, the court was not required to assign recusal request to another judge); *United States v. Azhocar*, 581 F.2d 735, 738 (9th Cir. 1978) ("Only after the legal sufficiency of the affidavit is determined does it become the duty of the judge to proceed no further in the case.")

Accordingly,

**IT IS ORDERED** that Plaintiff's Motion for Court to Recuse Himself under 28 U.S.C. § 144 (Doc. 64) is **DENIED.**

Dated this 15th day of July, 2021.

James A. Teilborg
Senior United States District Judge