**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Neil Rusty Bond, | No. CV-19-04933-PHX-JAT |
| Plaintiff, | **ORDER** |
| v. | |
| Alex M Azar, et al., | |
| Defendants. | |

Before the Court is Plaintiff's Motion for Reconsideration (Doc. 66). For the following reasons, the motion will be denied.

## I.    BACKGROUND

On July 9, 2021, Plaintiff filed a Motion for Court to Recuse Himself, including an affidavit, under 28 U.S.C. § 144. (Doc. 64). The Court found that Plaintiff's affidavit was neither timely nor sufficient and denied Plaintiff's motion on July 15, 2021. (Doc. 65). Plaintiff filed the Instant Motion for Reconsideration (Doc. 66) on July 22, 2021 arguing that his affidavit was both timely and sufficient.

## II.    LEGAL STANDARD

District of Arizona Local Rule of Civil Procedure 7.2(g) governs motions for reconsideration. It provides:

> The Court will ordinarily deny a motion for reconsideration of an Order absent a showing of manifest error or a showing of new facts or legal authority that could not have been brought to its attention earlier with reasonable diligence. Any such motion shall point out with specificity the

matters that the movant believes were overlooked or misapprehended by the Court, any new matters being brought to the Court's attention for the first time and the reasons they were not presented earlier, and any specific modifications being sought in the Court's Order. No motion for reconsideration of an Order may repeat any oral or written argument made by the movant in support of or in opposition to the motion that resulted in the Order. Failure to comply with this subsection may be grounds for denial of the motion.

LRCiv 7.2(g)(1). Manifest error under LRCiv 7.2(g)(1) is "error that is plain and indisputable . . . that amounts to a complete disregard of the controlling law or the credible evidence in the record." *Estrada v. Bashas' Inc.*, No. CV-02-00591-PHX-RCB, 2014 WL 1319189, at *1 (D. Ariz. Apr. 1, 2014) (quoting *Black's Law Dictionary* 622 (9th ed. 2009)).

Further, mere disagreement with a previous order is an insufficient basis for reconsideration. *See Leong v. Hilton Hotels Corp.*, 689 F. Supp. 1572, 1573 (D. Haw. 1988). A motion for reconsideration "may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). "Motions for reconsideration are disfavored and should be granted only in rare circumstances." *Morgal v. Maricopa Cty. Bd. of Sup'rs*, No. CIV 07-0670-PHX-RCB, 2012 WL 2368478, at *1 (D. Ariz. June 21, 2012).

## III.   ANALYSIS

Plaintiff presents no new facts or legal authority in support of his motion but argues that the court committed what amounts to manifest error in denying his Motion for Court to Recuse Himself. (Doc. 66). Plaintiff first argues that his affidavit was timely because his recusal request does not implicate this matter, but instead implicates any appeal that may come from his upcoming social security administrative hearing. (Doc. 66 at 1–2). This Court, however, is not involved in Plaintiff's upcoming administrative hearing. Thus, the Court granting Plaintiff's recusal request would not impact Plaintiff's upcoming hearing. At best, Plaintiff's affidavit is premature because the upcoming administrative hearing has

1   yet to occur, so any appeal from that hearing is speculative.

2           As the Court stated in its July 15, 2021 Order, however, even if Plaintiff's affidavit

3   was timely his motion would still have been denied as the affidavit was not sufficient. (Doc.

4   65 at 2–3). Plaintiff argues that his affidavit was sufficient because it alleges that the Court

5   has personal bias against Plaintiff "other than and absent from this Court's rulings by this

6   Court repeatedly ignoring evidence and facts presented by Plaintiff." (Doc. 66 at 4). As

7   discussed in the Court's original Order, sufficient bias for recusal "must stem from an

8   extrajudicial source," *Liteky v. United States*, 510 U.S. 540, 544 (1994), and claims of bias

9   based entirely on a judge's rulings in the case are not legally sufficient to support recusal,

10  *see Young v. Arizona Dep't of Env't Quality*, No. CV2001617PHXDGCJZB, 2020 WL

11  5544360, at *2 (D. Ariz. Sept. 16, 2020). (*See* Doc. 65 at 3). The Court weighed the facts

12  and evidence in this case when issuing its orders, so Plaintiff's allegation that the Court

13  ignored facts and evidence in reaching its rulings is merely an expression of dissatisfaction

14  in the Court's rulings. Such dissatisfaction is not a legally sufficient reason for recusal. *See*

15  *Young*, 2020 WL 5544360, at *2.

16          Plaintiff argues, without legal support, that "an extrajudicial origin [for bias] is not

17  an exclusive basis for disqualification." (Doc. 66 at 4). While there may be non-

18  extrajudicial causes for recusal, a Plaintiff's dissatisfaction with a court's weighing of the

19  evidence or legal rulings is not such a cause. *See Young*, 2020 WL 5544360, at *2.

20  **IV.   CONCLUSION**

21          While Plaintiff may disagree with the Court's July 15, 2021 Order, mere

22  disagreement with a previous order is an insufficient basis for reconsideration. *See Leong*,

23  689 F. Supp. at 1573. As Plaintiff has presented no new facts or law and has not shown

24  "error that is plain and indisputable . . . that amounts to a complete disregard of the

25  controlling law or the credible evidence in the record," *Estrada*, 2014 WL 1319189, at *1,

26  he has failed to show that the Court should reconsider its previous order.

27          Accordingly,

28  ///

1    **IT IS ORDERED DENYING** Plaintiff's Motion for Reconsideration (Doc. 66).

2    Dated this 4th day of August, 2021.

3

4

5

6    James A. Teilborg
     Senior United States District Judge

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28